1
2
3
4
5
6
7
# UNITED STATES DISTRICT COURT
8
## DISTRICT OF NEVADA
9
10  UNITED STATES OF AMERICA,
11        Plaintiff - Appellee,
               Case No. 2:08-cr-00164-KJD-GWF
                       2:13-cv-00321-KJD
12  v.
               **ORDER**
13  DEONTE REED,
14        Defendant - Appellant.
15
16        Presently before the Court is Defendant Deonte Reed's Motion to Vacate under 28 U.S.C. §

17  2255 (#302). Plaintiff filed a response in opposition (#315) to which Defendant replied (#319). Also

18  before the Court are Defendant's Motions for Leave to Supplement Pleading (## 308, 323).  Plaintiff

19  filed a response in opposition (#331).

20  I.  Background

21        On February 18, 2010, Defendant Deonte Reed (Defendant) was convicted of conspiring to

22  interfere with commerce by robbery in violation of 18 U.S.C. § 1951(a); conspiring to possess with

23  intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1); and possessing a firearm during a

24  crime of violence or drug trafficking crime in violation of 18 U.S.C. § 924 (c)(1)(A). On May 19,

25  2010, the Court sentenced Defendant to a total of 240 months' imprisonment. The Court entered

26  judgment on May 19, 2010. Defendant appealed, and the Ninth Circuit Court of Appeals affirmed.

On February 26, 2013, Defendant filed a timely motion to vacate, set aside, or correct his sentence, pursuant to 28 U.S.C. § 2255 (2255). In his motion, Defendant asserted counsel provided ineffective assistance by: (1) failing to object at sentencing to a two-level enhancement for Reed's leadership role in the offense; (2) failing to object at sentencing to a two-level enhancement for obstruction of justice; (3) failing to file a motion to suppress statements Reed made after he was arrested; and (4) failing to cross-examine one government witness at trial.

On May 8, 2013, after the limitations period for filing a 2255 motion had expired, Defendant filed a motion for leave to supplement his motion (#308) in light of the Ninth Circuit decision United States v. Yuman-Hernandez. Defendant seeks to add a claim of sentencing entrapment, on the grounds that there was insufficient evidence to show he was predisposed to commit the offense. On February 7, 2014, Defendant filed a second request for leave to supplement his 2255 motion (#323) in light of the Ninth Circuit decision United States v. Cortes. In this second motion, Defendant seeks to add a new claim that the Court erred in failing to instruct the jury on the issue of sentencing entrapment.

II.  Analysis

   A.  Legal Standard

The Court notes that Defendant is *pro se*, meaning that his submissions to the Court are "to be liberally construed, and . . . however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citations and internal quotation omitted). Accordingly, the Court will liberally construe Defendant's pleadings.

   B. Motions for Leave to Supplement

Federal Rule of Civil Procedure (Rule) 15(d) provides that "[o]n motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d). When a petitioner files a timely 2255 motion and then later files an untimely

2

supplemental motion that raises additional claims, the untimely claims are barred by the statute of limitations unless they "relate back" to the original motion under Rule 15(c). See Hebner v. McGrath, 543 F.3d 1133, 1137-38 (9th Cir. 2008).

i. Timeliness

The Antiterrorism and Effective Death Penalty Act (AEDPA) established a one-year statute of limitations for 2255 motions. See 28 U.S.C. §2255(f). "[T]he one-year limitations period for a federal prisoner who does not file a petition or writ for certiorari begins to run when the time for filing the petition expires." United States v. Garcia, 210 F.3d 1058, 1061 (9th Cir. 2000).

Defendant's time to file a petition of writ for certiorari expired February 21, 2012. Thus, the statute of limitations to file a 2255 motion expired February 21, 2013. Defendant filed his motions for leave to supplement on May 3, 2013 and February 3, 2014, both after the statute of limitations had expired. While the Court "may, on just terms, permit a party to serve a supplemental pleading setting out any transaction or event that happened after the date of the pleading to be supplemented," an untimely motion cannot raise entirely new claims under the guise of supplementing a timely 2255 motion with "new facts." Fed. R. Civ. P. 15(d).

Additionally, Defendant chose to supplement his motion instead of amend it, solely to escape the "relate back" requirement of Rule 15(c) which Defendant is unable to meet. See Hebner v. McGrath, 543 F.3d 1133, 1137-38 (9th Cir. 2008) ("An amended habeas petition does not relate back (and thereby escape AEDPA's one-year limit) when it asserts a new ground for relief supported by facts that differ both in time and type from those the original pleading set forth."). Thus, both of Defendant's motions for leave to supplement are untimely.

ii. Second or Successive

Before the Court can consider a second or successive 2255 motion, Defendant must "move in the appropriate court of appeals for an order authorizing the district court to consider the application." See 28 U.S.C.§2244(b)(3). "If the petitioner does not first obtain [the circuit court's]

3

authorization, the district court lacks jurisdiction to consider the second or successive application." United States v. Lopez, 577 F.3d 1053, 1061 (9th Cir. 2009).

Defendant has not obtained the required certification. Instead, Defendant attempts to rely on LaGrand v. Stewart to support the proposition that he is not required to obtain leave because the claim he is raising was not ripe at the time of filing the original pleading. See LaGrand v. Stewart, 170 F.3d 1158, 1159 (9th Cir. 1999). However, Defendant's assertion is incorrect. New law that modifies or creates a new claim is distinct from new facts that render a previously asserted claim ripe for judicial review. To the extent Defendant seeks to construe his motions as second or successive, this Court cannot consider them without the required certification from the circuit court.

### iii. Yuman-Hernandez and Cortes Do Not Apply Retroactively

Collateral review is designed to ensure courts conduct their proceedings in a manner consistent with the law in existence at the time, "and not to provide a mechanism for the continuing reexamination of final judgments based upon later emerging legal doctrine." Teague v. Lane, 489 U.S. 288, 308 (1989). New law only applies retroactively when it involves a constitutional right and has been designated to retroactively apply by the Supreme Court of the United States. See 28 U.S.C. 2255(h); 28 U.S.C. 2255f(3).

In his first motion to supplement (#308) Defendant attempts to raise an additional claim of sentencing entrapment, in light of the Ninth Circuit decision United States v. Yuman-Hernandez, decided on April 8, 2013. In his second motion to supplement (#323), Defendant seeks to add a new claim that the Court erred in failing to instruct the jury on the issue of sentencing entrapment. Defendant's second motion is raised in light of the Ninth Circuit decision United States v. Cortes, decided on October 9, 2013. Neither case cited presents a change in law that applies retroactively.

//

//

4

### a. Neither Rule Involves Constitutional Law

There are three situations in which a new law is to apply retroactively: (1) where the Supreme Court designates a new rule of constitutional law retroactive to cases on collateral review; (2) where the Supreme Court designates a newly recognized right retroactively applicable to cases on collateral review; and (3) where a defendant raises a *timely* 2255 motion based on a case decided after their conviction is final. See 28 U.S.C. 2255(h); 28 U.S.C. 2255f(3) (emphasis added).

Here, both rules in question are Ninth Circuit decisions that do not deal with a constitutional law or right designated by the Supreme Court to be retroactively applicable. While both motions do deal with a case decided after Defendant's conviction became final, their untimeliness, as previously analyzed, render their applicability irrelevant.

### b. New Rules Are Strictly Procedural

"[N]ew constitutional rules of criminal procedure will not be applicable to those cases which have become final before the new rules are announced." Teague v. Lane, 489 U.S. 288, 308 (1989). Both rules in question are entirely procedural in nature. Regardless of whether Yuman-Hernandez announced a new rule[1], it only clarified a procedural issue, that "a defendant need only show a lack of intent *or* capability to establish a sentencing entrapment." Yuman-Hernandez, 712 F.3d at 476. Similarly, the rule announced in Cortes regulates "only the manner of determining the defendant's culpability," a procedural matter. See Schriro v. Summerlin, 542 U.S. 348, 353 (2002).  Neither "alter the range of conduct or the class of persons the law punishes," and thus do not retroactively apply. Id.

---

[1]The Yuman-Hernandez rule can not be considered new and distinct from the previously controlling rule in United States v. Briggs, as the Court relied on Briggs in rejecting Defendant's co-felon Jackson's challenge, evidencing Briggs' continued authority and relevance. See United States v. Jackson, 459 Fed. Appx. 639, 641 (9th Cir. Nov. 23, 2011) (unpublished) (stating Jackson "fail[ed] to show that the proposed stash house robbery was not within the scope of his ambition or means.").

1    <u>iv. Defendant not Entitled to Relief on the Merits</u>

2    Even if Defendant's motions for leave to supplement were valid, his grounds for

3    supplementing are meritless. Neither case cited create a rule that would alter Defendant's outcome.

4    <u>a. Yuman-Hernandez</u>

5    Defendant claims <u>Yuman-Hernandez</u> established a new rule,

6    eliminating the two-prong lack of capability requirement necessary to demonstrate sentencing

7    entrapment in drug-theft cases. However,  <u>Yuman-Hernandez</u> did not eliminate the two prongs, but

8    rather articulated that the analysis of predisposition and government inducement is intertwined. <u>See</u>

9    <u>Yuman-Hernandez</u>, 712 F.3d at 475 (explaining a lack of predisposition can be established either

10   through a lack of intent or a lack of capability, subsuming the concepts of outrageousness and active

11   inducement).

12   <u>Yuman-Hernandez</u>'s holding is simply a more direct statement of the

13   standard articulated in <u>United States v. Briggs</u>, that either "lack of ambition or means" is sufficient

14   for Defendant to meet his burden. <u>See</u> <u>United States v. Briggs</u>, 623 F.3d 724, 730 (9th 2010). The

15   <u>Briggs</u> standard was the basis for the Ninth Circuit's decision in the case of Defendant's co-

16   defendant. <u>See</u> <u>United States v. Jackson</u>, 459 Fed. Appx. 639, 641 (9th Cir. Nov. 23, 2011)

17   (unpublished) (stating Jackson "fail[ed] to show that the proposed stash house robbery was not

18   within the scope of his ambition or means.")

19   As the rule articulated in <u>Yuman-Hernandez</u> is in no way new,

20   Defendant's argument that he lacked predisposition is simply a reiteration of facts the jury already

21   heard. The jury based its decision on the exact standard for which Defendant is arguing should apply,

22   and found the Defendant predisposed to commit the crimes in question. Thus, Defendant's motion

23   for leave to supplement (#308) is without merit.

24   //

25   //

26

6

### b. Cortes

Cortes renders sentencing entrapment a decision for the jury. However, the Court denied Cortes such an instruction because the reduction in the drug amount due to entrapment would not "affect Cortes's mandatory minimum or statutory maximum sentence." Cortes, 732 F.3d at 1091.  Here, Defendant is also not entitled to an instruction. Defendant was charged with conspiracy to possess with intent to distribute five kilograms or more of cocaine, which carries a statutory sentencing range of ten years to life. See 21 U.S.C. SS 841(b)(1)(A).

Defendant argues he could only carry two to four kilograms, and that the heightened charge he received for intent to transport five kilograms or more was an inflation solely attributable to the government. However, "once a thief gains access to the drugs, he or she is just as capable of carrying off one kilogram as ten." Yuman-Hernandez, 712 F.3d at 474. Defendant presented no evidence beyond his speculative statements that he lacked the intent or capability to transport the minimum five kilograms necessary to trigger the statutory sentencing range. See Cortes, 732 F.3d at 1091. Thus, Defendant is not entitled to a sentencing entrapment instruction, and Defendant's motion for leave to supplement (#323) is without merit.

Ultimately, Defendant's motions for leave to supplement are untimely, lack certification to be considered second or successive, and fail on their merits as the new rules Defendant cites do not apply retroactively. Even if the rules cited were to apply, they do not affect the outcome of Defendant's sentencing, as Defendant's speculative arguments rely on decisions already determined by the jury. Accordingly, both motions for leave to supplement (##308, 323) are denied.

### C. Motion to Vacate

Regardless of the aforementioned motions for leave to supplement pleading, Defendant's motion to vacate due to ineffective assistance is unsupported. Defendant must establish that (1) his counsel's representation fell below an objective standard of reasonableness, and (2) that there is a

1   reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding

2   would have been different. Padilla v. Kentucky, 559 U.S. 356, 366 (2010) citing Strickland v.

3   Washington, 466 U.S. 668 (1984). Further, "[j]udicial scrutiny of counsel's performance must be

4   highly deferential . . . [A] court must indulge a strong presumption that counsel's conduct falls within

5   the wide range of reasonable professional assistance; that is, the defendant must overcome the

6   presumption that, under the circumstances, the challenged action might be considered sound trial

7   strategy. Strickland v. Washington, 466 U.S. at 689 (internal quotation omitted).

8        Defendant alleges he received ineffective assistance of counsel on the following grounds: (1)

9   failing to object at sentencing to a two-level enhancement for Reed's leadership role in the offense;

10  (2) failing to object at sentencing to a two-level enhancement for obstruction of justice; (3) failing to

11  file a motion to suppress statements Reed made after he was arrested; and (4) failing to cross-

12  examine one government witness at trial.

13                         i. Failure to Object to Enhancement for Leadership Role

14       The sentencing guidelines direct the Court to increase a defendant's base offense level

15  by two levels "[i]f the defendant was an organizer, leader, manager, or supervisor in any criminal

16  activity" involving fewer than five participants. See U.S.S.G. § 3B1.1(c). There must be a showing

17  that the defendant had control over others. See United States v. Lopez-Sandoval, 146 F.3d 712, 717

18  (9th Cir. 1998) (citing United States v. Mares-Molina, 913 F.2d 770, 773 (9th Cir. 1990)).

19       Defendant contends there is no information that indicates or supports that he was the

20  leader of his co-conspirators. However, the Court at sentencing stated Defendant's conduct was "far

21  more egregious than any of [his] three friends and [he] led them down the path to [their] substantial

22  sentences." (#256 at 20). Additionally, the record shows Defendant spoke for his group, and was the

23  only member of the group in contact with the undercover agents. See #315, Gov't Exh. 16A.

24       Defendant also claims but for counsel's failure to object, Defendant would have only

25  been sentenced to 123 months in prison. However, because the evidence in the record showed

26

1    Defendant had a leadership role, the Court would have rejected any challenge to the two-level

2    leadership enhancement. Thus, counsel's failure to object was not error. See Wilson v. Henry, 185

3    F.3d 986, 991 (9th Cir. 1999) (finding counsel is not ineffective if counsel "fails" to raise a meritless

4    argument). Defendant cannot show that he suffered prejudice from counsel's decision not to

5    challenge the enhancement because a challenge would have been flatly rejected.

6                        ii. Failure to Object to Enhancement for Obstruction of Justice

7                The sentencing guidelines direct the Court to increase a defendant's base offense level

8    by two levels if the defendant "willfully obstructed or impeded, or attempted to obstruct or impede

9    the administration of justice with respect to the investigation, prosecution, or sentencing" of the

10   charged offense. See U.S.S.G. § 3C1.1(c).

11               Defendant contends the Court never proved nor found that he impeded or obstructed,

12   or attempted to impede or obstruct the administration of justice by providing false testimony at trial

13   because the Court never expressly nor implicitly made a finding of the elements of perjury.

14   Specifically, Defendant claims the Court did not find Defendant's false testimony to be material or

15   willful, and had counsel performed an adequate investigation and objected to the enhancement,

16   Defendant would only have been sentenced to 96 months in prison.

17               Defendant's claims are baseless. Defendant made multiple contradictory statements in

18   an attempt to exonerate himself and his co-defendants. For example, Defendant claimed the plan to

19   commit the robbery was devised by the undercover agents. (#137 at 91). However, video recordings

20   show Defendant coming up with the plan to commit the robbery on his own. At Defendant's

21   sentencing hearing, the Court, speaking to Defendant, expressly stated, "[D]uring two trials you

22   stood up here, took the oath, and sat down, and proceeded to lie to the jury. When you were caught in

23   your lies, you made more lies . . . And when confronted with direct evidence of your lies, you

24   changed your story to try and conform to the evidence that was being presented to the Court." (#256

25   at 18-20).

26

                                                      9

1    The Court's statement undoubtedly indicates Defendant "willfully obstructed or

2    impeded, or attempted to obstruct or impede the administration of justice with respect to the

3    investigation, prosecution, or sentencing" of the charged offense. U.S.S.G. § 3C1.1(c).  As

4    Defendant's argument is without merit, counsel committed no error by failing to object to the two-

5    level enhancement for obstruction of justice. See Wilson, 185 F.3d at 991.

6                              iii. Failure to File a Motion to Suppress

7    When defense counsel's failure to litigate a Fourth Amendment claim is the main

8    allegation of counsel's ineffectiveness, the defendant must demonstrate both that the claim is

9    meritorious and that there is a reasonable probability that the verdict would have been different

10   absent the excludable evidence. See Kimmelman v. Morrison, 477 U.S. 365, 375 (1986).

11   Defendant claims ATF Special Agent Roger Martin denied his request for an attorney

12   prior to Defendant making his confession of where he got the gun. He further alleges Agent Martin

13   coerced him into giving an incriminating statement by threatening that if he did not confess, his co-

14   conspirators would receive a harsher punishment. Defendant contends counsel's failure to properly

15   investigate caused counsel to be unaware of the damage that would be caused by not filing a motion

16   to suppress such an incriminating confession.

17   However, the record provides evidence in direct conflict with Defendant's assertions.

18   Agent Martin testified both that he advised Defendant of his *Miranda* rights, and that Defendant

19   signed a written wavier of those rights. (#261 at 86-95). Plaintiff correctly argues Defendant provides

20   no evidence that show his rights were violated, or that the results of the proceeding would have been

21   any different had counsel made the motion to exclude the evidence. Defendant claims counsel failed

22   to file the motion due to simple "inadvertence and ineptitude," but the facts demonstrate such a

23   motion would not have been meritorious. (#302 at 11).

24   //

25   //

26
                                        10

1         <u>iv. Failure to Cross-Examine Government Witness</u>

2        "Conclusory allegations which are not supported by a statement of specific facts do

3 not warrant habeas relief." <u>James v. Borg</u>, 24 F.3d 20, 26 (9th Cir. 1994). Defendant must set forth

4 specific facts that but for counsel's deficient performance, a more favorable outcome would have

5 resulted. <u>See Id</u>. Defendant believes counsel's failure to cross examine Agent Martin allowed the jury

6 to accept his testimony as trustworthy. However, "[a] tactical decision by counsel with which the

7 defendant disagrees cannot form the basis of a claim of ineffective assistance of counsel." <u>Guan v.</u>

8 <u>Santos</u>, 741 F.2d 1167, 1169 (9th Cir. 1984). Defendant's speculative opinion of what he believes

9 counsel should have done is not supported by any specific statement of fact that shows but for

10 counsel's decision, the outcome would have been different. <u>See James v. Borg</u>, 24 F.3d 20, 26 (9th

11 Cir. 1993) ("Conclusory allegations which are not supported by a statement of specific facts do not

12 warrant habeas relief.") (citation omitted).

13       <u>D. Defenses Raised in Defendant's Reply</u>

14        The Court construes Defendant's Supplement (#315) liberally as a Reply to Plaintiff's

15 Response in Opposition. Any new defenses raised in Defendant's Reply will not be addressed. The

16 fact that these defenses were raised for first time in his Reply to Plaintiffs' Response is enough

17 justification for the Court to refuse to consider them. <u>See White v. City of Sparks</u>, 341 F.Supp.2d

18 1129, 1134 (D.Nev. 2004) aff'd, 500 F.3d 953 (9th Cir. 2007).

19 <u>III.  Conclusion</u>

20        Accordingly, IT IS HEREBY ORDERED that Defendant's Motion for Leave to Supplement

21 Pleading (#308) is **DENIED**;

22        IT IS FURTHER ORDERED that Defendant's Motion for Leave to Supplement Pleading

23 (#323)  is **DENIED**;

24 //

25 //

26                            11

IT IS FURTHER ORDERED that Defendant's Motion to Vacate under 28 U.S.C. § 2255 (#302) is **DENIED**.

DATED this 23rd day of June 2015.

_____
Kent J. Dawson
United States District Judge

12