1
2
3
4
5
6
7          **UNITED STATES DISTRICT COURT**
8            **DISTRICT OF NEVADA**
9
10  UNITED STATES OF AMERICA,
11          Plaintiff,                          Case No. 2:08-CR-00164-KJD-GWF
12  v.                                          **ORDER**
13  DEONTE REED,
14          Defendant.
15

16          Presently before the Court is the Order of the Appellate Commissioner of the Ninth Circuit

17  Court of Appeals directing the Court to grant or deny a certificate of appealability and stating the

18  grounds for doing so.  In order to proceed with an appeal, petitioner must receive a certificate of

19  appealability. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22; 9th Cir. R. 22-1; Allen v. Ornoski, 435

20  F.3d 946, 950-951 (9th Cir. 2006); see also United States v.Mikels, 236 F.3d 550, 551-52 (9th Cir.

21  2001).  Generally, a petitioner must make "a substantial showing of the denial of a constitutional

22  right" to warrant a certificate of appealability. Id.; 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529

23  U.S. 473, 483-84 (2000).  "The petitioner must demonstrate that reasonable jurists would find the

24  district court's assessment of the constitutional claims debatable or wrong." Id. (quoting Slack, 529

25  U.S. at 484)  In order to meet this threshold inquiry, the petitioner has the burden of demonstrating

26

1  that the issues are debatable among jurists of reason; that a court could resolve the issues differently;

2  or that the questions are adequate to deserve encouragement to proceed further. Id.

3        In this action, Appellant raised claims that his trial counsel was ineffective for failing to

4  object at sentencing to a two-level enhancement for Reed's leadership role in the offense, failing to

5  object to a two-level enhancement for obstruction of justice, failing to file a motion to suppress

6  statements Reed made after his arrest and for failing to cross-examine a witness at trial  However,

7  Appellant is unable to make a substantial showing of a denial of a constitutional right, because the

8  undisputed record shows that this Court's assessment of the claims is clearly not debatable or wrong.

9        As demonstrated in its Order (#336), the Court found that the facts clearly demonstrated that

10  it would have been fool-hardy for counsel to object to the sentencing enhancements because the

11  record clearly bore out Defendant's leadership role and attempts to obstruct justice. Further,

12  Defendant's conclusory allegations that the result of the trial would have been different if counsel's

13  sound tactical decisions not to file a motion to suppress and to not cross-examine a witness are

14  insufficient to demonstrate that the Court's assessment of his claims was clearly debatable or wrong.

15        Finally, Defendant's attempted supplements were clearly untimely and even if they had been

16  considered on their merits, the Court would have denied them because the cases relied upon by

17  Defendant do not create new rules that apply retroactively. Even if they did, Defendant's speculative

18  arguments rely on facts already determined adversely by the jury.  Therefore, the Court must decline

19  to issue a certificate of appealability because Appellant cannot make a substantial showing that he

20  was denied a constitutional right.

21  ///

22  ///

23  ///

24  ///

25  ///

26

2

Accordingly, IT IS HEREBY ORDERED that Defendant is **DENIED** a certificate of appealability as to his Motion to Vacate (#302) and to his untimely Motions to Supplement (#308/323).

DATED this 28th day of August 2015.


_____
Kent J. Dawson
United States District Judge